# Exhibit A
# Arrest Report dated May 12, 2005

## ALABAMA UNIFORM ARREST REPORT

| Fingerprinted | RB4 Completed |
|---|---|
| ☑1 Yes | ☑1 Yes |
| ☐2 No | ☐2 No |

**OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION**

### IDENTIFICATION

| 1 ORI # | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| 0,5,6,0,0,0,0 | RCSO | 0,5,0,5,1,2,2,6,1 | |

| 5 LAST, FIRST, MIDDLE NAME | 6 ALIAS AKA |
|---|---|
| MCKISSIC MARVIN | |

| 7 SEX | 8 RACE | 9 HGT. | 10 WGT. | 11 EYE | 12 HAIR | 13 SKIN | 14 | ☐1 SCARS | ☐2 MARKS | ☐3 TATOOS | ☐4 AMPUTATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☑1 M ☐2 F | ☑W 3 A ☐B 4 I | 5 11 | 170 | BRN | BLK | | | | | | |

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) | 16 SSN | 17 DATE OF BIRTH | 18 AGE | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|
| RANDOLPH | 4,2,4 - 9,2 - 7,8,2,3 | 1,2 1,9,0,6,7,0 | 44 | |

| 20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 DL # | 23 ST |
|---|---|---|---|---|---|---|---|---|---|
| 24 FBI # | HENRY CLASS | | | | | | | | |
| | NCIC CLASS | | | 25 IDENTIFICATION COMMENTS | | | | | |

| 26 ☐1 RESIDENT ☑2 NON-RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) | 28 RESIDENCE PHONE | 29 OCCUPATION (BE SPECIFIC) |
|---|---|---|---|
| | 577 CORD 892 Wedowee | 357 2208 | |

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE |
|---|---|---|
| | | ( ) |

### ARREST

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) | 34 SECTOR # | 35 ARRESTED FOR YOUR JURISDICTION? ☑ YES ☐ NO |
|---|---|---|
| CORD 33 W | | ☐ IN STATE ☐ OUT STATE AGENCY |

| 36 CONDITION OF ARRESTEE: | ☐1 DRUNK ☑2 SOBER ☐3 DRINKING ☐4 DRUGS | 37 RESIST ARREST? ☐1 YES ☑2 NO | 38 INJURIES? ☑1 NONE ☐2 OFFICER ☐3 ARRESTEE | 39 ARMED? ☐1 Y ☑2 N | 40 DESCRIPTION OF WEAPON ☐1 HANDGUN ☐2 RIFLE ☐3 SHOTGUN ☐4 OTHER FIREARM ☐5 OTHER WEAPON |
|---|---|---|---|---|---|

| 41 DATE OF ARREST | 42 TIME OF ARREST | 43 DAY OF ARREST | 44 TYPE ARREST | 45 ARRESTED BEFORE? |
|---|---|---|---|---|
| 0,5 1,2 0,5 | 20:44 ☐1 AM ☑2 PM ☐3 MIL | S M T W T F S | ☑1 ON VIEW ☐2 CALL ☐3 WARRANT | ☑1 YES ☐2 NO ☐3 UNKNOWN |

| 46 CHARGE—1 ☐1 FEL ☑2 MISD | 47 UCR CODE | 48 CHARGE—2 ☐1 FEL ☑2 MISD | 49 UCR CODE |
|---|---|---|---|
| FTA Child Support | | FTA Crim Tress 2nd | |

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED |
|---|---|---|---|---|---|
| DHR # 18698 | CS 2009 064.01 | M D Y | | CC 9003 000152,00 | 0,4 1,8 0,5 |

| 56 CHARGE—3 ☐1 FEL ☑2 MISD | 57 UCR CODE | 58 CHARGE—4 ☐1 FEL ☑2 MISD | 59 UCR CODE |
|---|---|---|---|
| | | | |

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED |
|---|---|---|---|---|---|
| | | M D Y | | | M D Y |

| 66 ARREST DISPOSITION | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| ☑1 HELD ☐2 BAIL ☐3 RELEASED ☐4 TOT—LE ☐5 OTHER | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

### VEHICLE

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|

| 78 VIN | 79 IMPOUNDED? ☐1 YES ☑2 NO | 80 STORAGE LOCATION/IMPOUND # |
|---|---|---|

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | ☐ CONTINUED IN NARRATIVE |
|---|---|

### JUVENILE

| 82 JUVENILE DISPOSITION: | ☐1 HANDLED AND RELEASED ☐2 REF. TO JUVENILE COURT ☐3 REF. TO WELFARE AGENCY ☐4 REF. TO OTHER POLICE AGENCY ☐5 REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|

| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
|---|---|---|

| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |
|---|---|---|---|

### RELEASE

| 91 DATE AND TIME OF RELEASE | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|
| M D Y : ☐1 AM ☐2 PM ☐3 MIL. | | | |

| 95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS |
|---|---|---|

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐1 YES ☐2 NO ☐3 PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # |
|---|---|---|

| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) | LOCAL USE STATE USE |
|---|---|

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER |
|---|---|

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE ☐Y ☐N |
|---|---|---|---|---|---|---|---|

| 111 ARRESTING OFFICER (LAST, FIRST, M.) | 112 ID # | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR | 116 WATCH CMDR. |
|---|---|---|---|---|---|
| Kirby | 5610 | Laney | 566 | ID # | ID # |

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC—34 REV. 10-90

# Exhibit B
# Jail Booking Sheet dated May 12, 2005

1

## RANDOLPH COUNTY JAIL BOOKING SHEET

DATE _5-12-05_    BOOKING NUMBER _20050369_

NAME _McKissic Marvic_

PHONE _____    EYE _B/o_    HAIR _B/K_

ADDRESS _577 Co Rd 892_

CITY _Wedowee_    STATE _AL_    ZIP _36278_

44 DOB _12-12-60_ SEX _M_    RACE _B/K_    HT _5'6_

WT _140_    SOC _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_    DL _____

PLACE OF BIRTH _Wedowee AL_    STATE _Ala_

EMPLOYER _____    POSITION _____

ADDRESS _____    PHONE _____

REMARKS _____

RELEASE DATE _____    BY _____

SCARS/TATTOOS _Scar on ® Back 69 on left_
_upper arm_

Booking Number: _200 50 3 6 9_

Charge: _F TA (child support)    F TA (criminal trespassing_

Book Date: _5-12-05_  Time: _21:16_  Type: _Full_

Arrest Date: _5-12-05_  Time: _____  Transfer In: _Y_

Arresting Agency: _RCSO_    Arresting Officer: _M. Kirso_

Booking Officer: _JO_    Searched By: _JO_

Type Search: Cloth ____  Metal ____  Pat _✓_  Strip ____  Cavity ____

Photo Available: _✓_  Print Taken: _✓_  Phone Call Made: ____

**Property In Property Room**
Bag # _63_
_hat_
_watch_
_Blue Jeas_
_Underwear_
_____
_____
_____

**Property In Safe**
Money $ _____
_lighter_
_1 knife_
_____
_____
_____
_____
_____

Signature of Inmate: _X marvin mgn csc_
Signature of Inmate Upon Release: _____

# Exhibit C
# Affidavit of Shirley Johnson

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MARVIN McKISSIC,                    )
                                    )
    Plaintiff,                   )
                                    )
v.                                  )       Civil Action No. 3:05-cv-00728-MHT-CSC
                                    )
RANDOLPH COUNTY JAIL, et al.,       )
                                    )
    Defendants.                  )

## <u>AFFIDAVIT OF SHIRLEY JOHNSON</u>

STATE OF ALABAMA          )
                          )
COUNTY OF RANDOLPH        )

    **BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Shirley Johnson, who being known to me and being by me first duly sworn on oath deposes and says as follows:

    1.    My name is Shirley Johnson.  I am over the age of nineteen and competent to make this affidavit.

    2.    I am the Jail Administrator of the Randolph County, Alabama Detention Facility, and have served as Jail Administrator since 1999.  I began my employment with the Randolph County Sheriff's Department in 1989 as a matron.  I am a graduate of Jail Management School.

    3.    I am familiar with the Plaintiff, Marvin McKissic, due to the fact that he has been incarcerated in the Randolph County, Alabama Detention Facility.

    4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    It is the policy and procedure of the Randolph County Detention Facility to provide prompt medical attention to each and every inmate upon their request. A request may be submitted via a written request form or made verbally to a correctional officer. The inmate is then put on the list to see the Nurse Practitioner, or, in emergency situations, taken immediately to the Wedowee Hospital across the street from the Jail. Inmates can also be seen, at least weekly, by the jail Nurse Practitioner.

6.    The health and medical treatment of inmates at the Randolph County Detention Facility is an important matter. Every inmate request for medical attention is treated seriously by myself and my staff. Upon receipt of an inmate request for medical care, established procedures are followed to assure that a qualified health care professional evaluates the inmate in a timely manner.

7.    The Randolph County Sheriff's Department operates the Randolph County Detention Facility pursuant to sound policies and procedures which ensure that the rights of all inmates incarcerated therein are respected. Members of the jail staff are trained both in house and at certified training programs and academies regarding all aspects of their jobs, including the administration of medical care to inmates.

8.    It is the policy of the Randolph County Sheriff's Department that all inmates confined in the Randolph County Detention Facility be entitled to a level of health care comparable to that available to the citizens in the surrounding community in order that the inmates' physical and emotional well-being may be maintained. All medical care rendered to inmates in the Randolph County Detention Facility is delivered under the direction of a licensed health care practitioner.

9.    The Jailers at the Randolph County Facility have access to over-the-counter medication such as Tylenol, Ibuprofen, and Pepto-Bismol to distribute upon permission of a doctor as needed to inmates.

10.    I have never denied necessary medical care or treatment to Plaintiff or any other inmate, nor have I ever authorized or allowed anyone to do so.

11.    Every time Plaintiff requested medical care, he was seen by the Nurse Practitioner, Ricky Daniel.

12.    It is the policy and procedure of the Randolph County Detention Facility to provide the inmates housed therein a clean and sanitary environment that meets and exceeds the standards required by law.  Per the Randolph County Detention Facility Inmate Rules and Regulations, inmates must maintain both their personal spaces and Jail common areas in a neat and orderly manner.

13.    The Randolph County Detention Facility has in place a systematic cleaning program.  Inmates are provided cleaning materials to use for their maintenance of personal and common areas.

14.    The food preparation and serving areas are cleaned daily and are inspected regularly by state and local health agencies.

15.    It is the policy and procedure of the Randolph County Detention Facility to maintain a jail that is safe both for its employees and inhabitants.  To that end, the Randolph County Detention Facility fire detection and suppression systems are inspected annually to assure that each is in proper working order throughout the facility.

16.    The Detention Facility is subject to inspection by numerous State agencies responsible for guaranteeing that the Detention Facility structures comply with applicable codes

and regulations. When a fire or general safety issue arises – whether through an Inmate Request, an Inmate Grievance or Jail staff observation – the concern is addressed promptly and appropriately.

17.   The Jail staff is instructed in the use of portable fire extinguishers.

18.   An emergency fire evacuation plan is posted in the Detention Facility. The Detention Facility also features emergency exits and appropriate fire apparatus.

19.   The Randolph County Detention Facility is equipped with cameras throughout the building. There is a jailer in the dispatch room monitoring the cameras 24 hours a day. There is also another monitor in the multipurpose room of the jail. Further, jailers in the Randolph County Detention Facility make rounds throughout the jail in 15-30 minute intervals.

20.   It is the policy and procedure of the Randolph County Detention Facility that inmates who violate Jail rules, regulations and/or policy – whether isolated or repeated – will be subject to appropriate discipline.

21.   I had no knowledge that Plaintiff was in a fight or was hurt until about a couple of days after it allegedly happened. I did not know who Plaintiff got in a fight with until after I received this lawsuit. Plaintiff did not ask me to separate him from any other inmate. I did not discipline Plaintiff as a result of any fight that allegedly occurred.

22.   Plaintiff has not complied with the grievance procedures of the Randolph County Detention Facility. I never received any grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint. As there is a grievance procedure in the Randolph County Jail, it could have been used by the Plaintiff to make known any questions or concerns he had regarding his incarceration. I never received any such grievance, and to the best of my knowledge, no grievance was ever written by the Plaintiff concerning these matters. Had any

request form or grievance been submitted by the Plaintiff, it would have been placed in his inmate file per Jail policy. However, Plaintiff's inmate file is devoid of any such grievance.

23.    I certify and state that the documents from Plaintiff's Inmate File and from the General Jail Records provided to the Court which are attached to the Defendants' Special Report are true and correct copies of these records, kept at the Randolph County Detention Facility in the regular course of business. I am the Custodian of these Records.

24.    I swear to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit; and, the above statements are made by drawing from my personal knowledge of the situation.

_Shirley Johnson_
SHIRLEY JOHNSON

**SWORN TO** and **SUBSCRIBED** before me this the 18th day of November, 2005.

_Chrissy Walker_
NOTARY PUBLIC
My Commission Expires: _____    My Commission Expires 4/5/07

# Exhibit D
# Affidavit of Craig Davidson

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MARVIN McKISSIC,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )    Civil Action No. 3:05-cv-00728-MHT-CSC
                                    )
RANDOLPH COUNTY JAIL, et al.,       )
                                    )
        Defendants.                 )

## AFFIDAVIT OF CRAIG DAVIDSON

STATE OF ALABAMA        )
                        )
COUNTY OF RANDOLPH      )

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Craig Davidson, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Craig Davidson. I am over the age of nineteen and competent to make this affidavit.

2.      I am the Assistant Jail Administrator of the Randolph County, Alabama, Detention Facility. I have served the Randolph County Sheriff's Department for over three years as a Captain. Before that I served as a Sergeant at the Chambers County Sheriff's Department for three years and as a jailer for two months. I am a graduate of Jail Management School.

3.      I am familiar with the Plaintiff, Marvin McKissic, due to the fact that he has been incarcerated in the Randolph County, Alabama Detention Facility.

4.      I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.     It is the policy and procedure of the Randolph County Detention Facility to provide prompt medical attention to each and every inmate upon their request. A request may be submitted via a written request form or made verbally to a correctional officer. The inmate is then put on the list to see the Nurse Practitioner, or, in emergency situations, taken immediately to the Wedowee Hospital across the street from the Jail. Inmates can also be seen, at least weekly, by the jail Nurse Practitioner.

6.     The health and medical treatment of inmates at the Randolph County Detention Facility is an important matter. Every inmate request for medical attention is treated seriously by myself and my staff. Upon receipt of an inmate request for medical care, established procedures are followed to assure that a qualified health care professional evaluates the inmate in a timely manner.

7.     The Randolph County Sheriff's Department operates the Randolph County Detention Facility pursuant to sound policies and procedures which ensure that the rights of all inmates incarcerated therein are respected. Members of the jail staff are trained both in house and at certified training programs and academies regarding all aspects of their jobs, including the administration of medical care to inmates.

8.     It is the policy of the Randolph County Sheriff's Department that all inmates confined in the Randolph County Detention Facility be entitled to a level of health care comparable to that available to the citizens in the surrounding community in order that the inmates' physical and emotional well-being may be maintained. All medical care rendered to inmates in the Randolph County Detention Facility is delivered under the direction of a licensed health care practitioner.

9.    The Jailers at the Randolph County Facility have access to over-the-counter medication such as Tylenol, Ibuprofen, and Pepto-Bismol to distribute upon permission from a doctor as needed to inmates.

10.    I have never denied necessary medical care or treatment to Plaintiff or any other inmate, nor have I ever authorized or allowed anyone to do so.

11.    Every time Plaintiff requested medical care, he was seen by the Nurse Practitioner, Ricky Daniel.

12.    It is the policy and procedure of the Randolph County Detention Facility that inmates who violate Jail rules, regulations and/or policy – whether isolated or repeated – will be subject to appropriate discipline.

13.    It is the policy and procedure of the Randolph County Detention Facility to provide the inmates housed therein a clean and sanitary environment that meets and exceeds the standards required by law.   Per the Randolph County Detention Facility Inmate Rules and Regulations inmates must maintain both their personal spaces and Jail common areas in a neat and orderly manner.

14.    The Randolph County Detention Facility has in place a systematic cleaning program.  Inmates are provided cleaning materials to use for their maintenance of personal and common areas.

15.    The food preparation and serving areas are cleaned daily and are inspected regularly by state and local health agencies.

16.    It is the policy and procedure of the Randolph County Detention Facility to maintain a jail that is safe both for its employees and inhabitants.  To that end, the Randolph

County Detention Facility fire detection and suppression systems are inspected annually to assure that each is in proper working order throughout the facility.

17.    The Detention Facility is subject to inspection by numerous State agencies responsible for guaranteeing that the Detention Facility structures comply with applicable codes and regulations. When a fire or general safety issue arises – whether through an Inmate Request, an Inmate Grievance or Jail staff observation – the concern is addressed promptly and appropriately.

18.    The Jail staff is instructed in the use of portable fire extinguishers.

19.    An emergency fire evacuation plan is posted in the Detention Facility. The Detention Facility also features emergency exits and appropriate fire apparatus.

20.    The Randolph County Detention Facility is equipped with cameras throughout the building. There is a jailer in the dispatch room monitoring the cameras 24 hours a day. There is also another monitor in the multipurpose room of the jail. Further, jailers in the Randolph County Detention Facility make rounds throughout the jail in 15-30 minute intervals.

21.    I had no knowledge that Plaintiff was in a fight or was hurt until a couple of days after it allegedly happened. I did not know who Plaintiff got in a fight with until after I received this lawsuit. Plaintiff did not ask me to separate him from any other inmate. I did not discipline Plaintiff as a result of any fight that allegedly occurred.

22.    Plaintiff has not complied with the grievance procedures of the Randolph County Detention Facility. I never received any grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint. As there is a grievance procedure in the Randolph County Detention Facility, it could have been used by the Plaintiff to make known any questions or concerns he had regarding his incarceration. I never received any such grievance, and to the best of

my knowledge, no grievance was ever written by the Plaintiff concerning these matters. Had any request form or grievance been submitted by the Plaintiff, it would have been placed in his inmate file per Jail policy. However, Plaintiff's inmate file is devoid of any such grievance.

23.    I swear to the best of my present knowledge and information that the above statements are true; that I am competent to make this affidavit; and, the above statements are made by drawing from my personal knowledge of the situation.

_____
CRAIG DAVIDSON

**SWORN TO** and **SUBSCRIBED** before me this ___ day of November, 2005.

NOTARY PUBLIC
My Commission Expires: _____

My Commission Expires 4/8/07

# Exhibit E
# Affidavit of Vernon Haynes

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MARVIN McKISSIC,                     )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        Civil Action No. 3:05-cv-00728-MHT-CSC
                                     )
RANDOLPH COUNTY JAIL, et al.,        )
                                     )
        Defendants.                  )

### AFFIDAVIT OF VERNON HAYNES

STATE OF ALABAMA          )
                          )
COUNTY OF RANDOLPH        )

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Vernon Haynes, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Vernon Haynes. I am over the age of nineteen and competent to make this affidavit.

2.      I have been employed as a jailer at the Randolph County Detention Facility for almost two years.

3.      I am familiar with the Plaintiff, Marvin McKissic, due to the fact that he has been incarcerated in the Randolph County, Alabama Detention Facility.

4.      I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.      I have never denied necessary medical care or treatment to Plaintiff or any other inmate, nor have I ever authorized or allowed anyone to do so.

6.    Plaintiff told me that he had a fight and hit his head on the bunk, but did not request any medical attention from me.

7.    Plaintiff never asked me to separate him from another inmate.

8.    I did not discipline Plaintiff as a result of any fight he may have had.

9.    I never received any grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint.

10.    I swear to the best of my present knowledge and information that the above statements are true; that I am competent to make this affidavit; and, the above statements are made by drawing from my personal knowledge of the situation.


_____
VERNON HAYNES

**SWORN TO** and **SUBSCRIBED** before me this 18 day of November, 2005.


_____
NOTARY PUBLIC
My Commission Expires: _____  My Commission Expires 4/8/07

# Exhibit G
# Medical Records from the Wedowee Hospital Clinic

STATE OF ALABAMA                    )

RANDOLPH COUNTY                 )

### CERTIFICATION OF RECORDS

I, *Margaret Earwood*, of the office of the Wedowee Hospital Clinic, do hereby certify that the documents annexed are a true copy from the original records of MARVIN McKISSIC, SSN: 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, DOB: DECEMBER 10, 1960, which are authorized by law to be and are, in fact, made and maintained in the regular and ordinary course of business and on file at the office of the Wedowee Hospital Clinic and in its legal custody.

Executed this *18* day of *November, 2005*.

*Margaret Earwood*

Sworn to and subscribed before me this *18th* day of *November, 2005*.

(SEAL)

*Sheryl A. Frye*

Notary Public
NOTARY PUBLIC STATE OF ALABAMA AT LARGE
My Commission Expires: MY COMMISSION EXPIRES: Aug 3, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

WEDOWEE HOSPITAL CLINIC
RANDOLPH COUNTY SHERIFF'S DEPARTMENT

PATIENT'S NAME: _Maurice McKissic_ DOB _____ SS# _____

CHIEF COMPLAINT/HPI: _Headache — fell & hit head_
_2 months ago_

DATE: _10/21/05_ AGE: _____ WT: _____
PMH: _____

SOCIAL HX: _____

FAMILY HX: _____

PHYSICAL EXAM
T: ____ P: 84 R: 20 B/P: 120/60 LMP: ____
VISION: RIGHT 20/____ LEFT 20/____ BOTH: 20/____
WITH CORRECTIVE LENSES ____ WITHOUT CORRECTIVE LENSES ____
HEENT: _____
NECK: supple _____
CHEST: CTA
CV: RRR _____
ABD: soft, nontender
EXT: full ROM
MUSCULOSKELETAL: _____
SKIN: warm dry _____
GU: _____
RECTAL: _____

IMPRESSION: _Contusion to head_

PLAN: _X-ray skull_
_Tylenol 325 mg ī ǧ 4 h prn pain_

NAME OF MEDICAL EXAMINER: _____ SIGNATURE: _____

WEDOWEE HOSPITAL CLINIC
RANDOLPH COUNTY SHERIFF'S DEPARTMENT

PATIENT'S NAME: Marvin Mellissic DOB 12/10/60 SS# _____

CHIEF COMPLAINT/HPI: Migraine Headache _____

DATE: 08/31/05 AGE: _____ WT: _____
PMH: _____

SOCIAL HX: _____

FAMILY HX: _____

PHYSICAL EXAM

T: ____ P: 76 R: 20 B/P: 110/76 LMP: _____
VISION: RIGHT 20/____ LEFT 20/____ BOTH: 20/____
WITH CORRECTIVE LENSES   WITHOUT CORRECTIVE LENSES
HEENT: _____
NECK: _____
CHEST: CTA
CV: _____
ABD: soft tender
EXT: _____
MUSCULOSKELETAL: _____
SKIN: _____
GU: _____
RECTAL: _____

IMPRESSION: Migraine headache _____

PLAN: Ibuprofen 400mg _____ headache

NAME OF MEDICAL EXAMINER: _____ SIGNATURE: _____

209 North Main Street Wedowee Al, 36278 Ph (256) 357-4216 Fax (256) 357-2165

209 Main Street   Wedowee, Alabama 36278   (256) 357-2188

AME: _Marvin McKissic_    SSN: _424 42 2968_    AGE: _44_

ATE: _7/2/05_     TIME: _____    ✓History Form Reviewed   Nurse _DSmith_

C: _____

_Swelling of eyes, HA, insomnia_

PI: _____

OS: (Please list all pertinent findings AND circle systems reviewed)

| | |
|---|---|
| ndo/Const _____ | Eyes _____ |
| NT _____ | CV _____ |
| esp. _____ | GI _____ |
| yn/GU _____ | Mus/Ske _____ |
| teg. _____ | Psyc./Neuro _____ |
| em/Lym _____ | All/Imm _____ |

____ All other systems reviewed and negative.    ____ Patient unable to provide due to condition

____ Labs reviewed     ____ Problem list and medications reviewed

PHYSICAL EXAM     *Normal office definitions available on file in office.

TALS B/P _140/70_ Pulse _68_ Resp. ____ Temp. ____ F   Ht. ____ Wt. ____

orm / Abn.     (Circle abnormal findings.)

| | | |
|---|---|---|
| ✓ | Constitutional | obese - cachetic - unkempt - dressed inappropriately |
| ✓ | Eyes R/L | uneven pupils - nystagmus - injected - icterus - trauma - edema - hemmorrhage - exudates (R or L) |
| ✓ | Fundus R/L | trauma - edema - nicking - C:D abn. - hemmorrhage - exudates |
| ✓ | Ear R/L | trauma - mass - discharge - TM retracted - injected - exudate - fluid - cerumen impacted |
| ✓ | Nose R/L | conjested - septum deviated (R or L) - exudates - turbs. inflamed - turbs. blue |
| ✓ | Throat | injected - tonsils enlarged - poor hygiene - ulcers - exudates - patches |
| ✓ | Neck | stiff - mass - thyroid enlarged - thyroid nodule - tender - crepitus - trachea deviated |
| ✓ | Cardiovascular | irreg. - skips - thrill - murmur ____ /6-beats - dim pulses - dim cap refill - pacemaker present |
| ✓ | Respiratory R/L | labored - retractions - wheezes - crackles - rubs - rales   Location: ____ |
| ✓ | Gastrointestinal | bowels sounds reduced / absent / rigid / rebound / guarding / mass / organomegally - hernia,quad ____ |
| ✓ | Rectal | mass hemorrhoids (I/E) - impaction - prostate - (E / M / T) - blood |
| ✓ | Genitourinary | Male: testicular mass-hydrocele-tender cord-discharge-ulcers-vesicles |
| | | Female: ulcer - vesicles - discharge - mass - cervical lesion - rectocele - cystocele |
| ✓ | Breast R/L | asymmetry - nipple discharge - retraction - mass - lumps - tenderness |
| ✓ | Musculoskeletal | limp - ingrown nails - clubbing - cyanosis - tremor - weakness - tenderness - swelling |
| ✓ | Skin | cyanotic - mottled - broken - thin - tenting - bruising - jaundiced - poor turgor - nodules |
| ✓ | Neurological | abnormal CN# ____ - DTRs (hypo / hyper) - Babinski - altered sensation |
| ✓ | Psychiatric | confused - poor judgment - agitated - anxious - sad - memory loss - disorient T, P, Pl |
| ✓ | Lymph/1mm R/L | nodes palpated and tender (neck / axillae / groin / other) - enlarged |
| | OTHER | |

PROCEDURES / TESTS

_____

ONSULTS - REFERRALS _____

LLOW-UP: _____

STRUCTIONS GIVEN TO: PATIENT/FAMILY    QUESTIONS ADDRESSED    | INSTRUCTIONS UNDERSTOOD

① _Ald. 50mg = Sig_
② _Thioridazine qAM bid_
③ _Flexeril 30mg q4h pn headache_

PRESSION _Depression_
_edu, etc._

                      Reviewed and agree with findings and impression

OVIDER SIGNATURE: _Richard W. Daniel_

Karen Stone, M.D.     Syed Ahmed, M.D.     Michael Gaines, M.D.
Richard Daniel, M.D.     Victoria Minter, CRNP

# WEDOWEE HOSPITAL CLINIC
## RANDOLPH COUNTY SHERIFF'S DEPARTMENT

PATIENT'S NAME: _Melvin McKissic_ DOB _12/07/62_ SS# _____

CHIEF COMPLAINT/HPI: _Abcess tooth_

DATE: _06/21/05_ AGE: _____ WT: _____
PMH: _____

SOCIAL HX: _incarcerated_

FAMILY HX: _____

### PHYSICAL EXAM
T: ____ P: _80_ R: _20_ B/P: _136/80_ LMP: ____
VISION: RIGHT 20/____ LEFT 20/____ BOTH: 20/____
WITH CORRECTIVE LENSES ____ WITHOUT CORRECTIVE LENSES ____
HEENT: _PE Tnt, TMS pearly, mallis clr, ph clr_
NECK: _supple, thyroid_
CHEST: _NA_
CV: _RRR nm_
ABD: _soft, distended_
EXT: _full_
MUSCULOSKELETAL:
SKIN: _warm dry_
GU:
RECTAL: _____

IMPRESSION: _Abcess tooth_

PLAN: _NOVE_

NAME OF MEDICAL EXAMINER: _____ SIGNATURE: _____

209 North Main Street Wedowee AL 36278 Ph:(256) 357.4216 Fax:(256) 357.2165

WEDOWEE HOSPITAL CLINIC
RANDOLPH COUNTY SHERIFF'S DEPARTMENT

PATIENT'S NAME: _Marvin McKissic_ DOB _8-12-60_ SS# _____

CHIEF COMPLAINT/HPI: _____ New meds again ____

_____

_____

_____

DATE: _____ AGE: _____ WT: _____
PMH: _____

SOCIAL HX: _____

FAMILY HX: _____

PHYSICAL EXAM
T:____ P: _76_ R: _20_ B/P: _136/80_ LMP: ____
VISION: RIGHT 20/____ LEFT 20/____ BOTH: 20/____
WITH CORRECTIVE LENSES____ WITHOUT CORRECTIVE LENSES____
HEENT: _PERRLA  TM  perf  sym  nares clr pharnx clr_
NECK: _supple  thyroid_
CHEST: _CTA_
CV: _RRR  m_
ABD: _soft  Non tender_
EXT: _full rom_
MUSCULOSKELETAL: _____
SKIN: _warm  dry_
GU: _____
RECTAL: _____

IMPRESSION: _well  again_

PLAN: _N V V E_

_____

NAME OF MEDICAL EXAMINER: _____ SIGNATURE _____

209 North Main Street Wedowee AL 36278 Ph (256) 357-4216 Fax (256) 357-2165